IN THE
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Case No. 7:15-CR-00048-005 |
| ) | |
| DEREK RYAN MCGHEE, ) | |
| ) | |
| Defendant. ) | |

### SENTENCING MEMORANDUM

COMES NOW defendant Derek McGhee ("McGhee"), by counsel, and respectfully submits this Sentencing Memorandum to assist the Court in determining what sentence is sufficient, but not greater than necessary, to comply with the statutory directives set forth in 18 U.S.C. § 3553(a)(2).

**Procedural History**

On September 1, 2015, Derek McGhee was arrested on the federal charges relevant herein. McGhee was released on bond shortly thereafter on September 15, 2015. On February 22, 2016, McGhee pled guilty to conspiracy to distribute a mixture or substance with a detectable amount of methamphetamine. McGhee was permitted to remain on bond until his sentencing and has complied with all terms and conditions set by this Court for the last 8 months (PIR 6).

**Sentencing Law**

The statutory mandate of 18 U.S.C. Section 3553(a) instructs district courts to "'impose a sentence sufficient, but not greater than necessary, to comply with the purposes of § 3553(a)(2).'" United States v. Baham, 215 Fed. Appx. 258, 261 (4th Cir. 2007) (citing United States v. Davenport, 445 F.3d 366, 370 (4th Cir. 2006)). Appellate courts review sentences on appeal for "reasonableness," and thus the district court must be "'be guided by the Sentencing

1

Guidelines and by the provisions § 3553(a).'" <u>United States v. Dublin</u>, 189 Fed. Appx. 151, 153 (4th Cir. 2006) (citing <u>United States v. Green</u>, 436 F.3d 449, 456 (4th Cir.), <u>cert. den.</u>, 126 S. Ct. 2308, 164 L. Ed. 2d 828 (2006)). "[T]he applicable Guidelines range is only one factor that sentencing courts must consider in imposing a proper sentence." <u>United States v. Montes-Pineda</u>, 445 F.3d 375 (4th Cir. 2006) (citing <u>United States v. Booker</u>, 543 U.S. 220, 259-60 (2005)). As the Supreme Court explained in <u>Gall v. United States</u>, 128 S.Ct. 586 (2007), courts are not required to find "extraordinary" circumstances to justify a sentence lower than the guideline range. <u>Gall</u>, 128 S. Ct. at 595. Courts must instead make an "individualized assessment based on the facts presented," while considering all of the factors delineated in §3553(a). <u>Id.</u> at 597. The Supreme Court has described the Court's task succinctly: "[i]t has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue." <u>Koon v. United States</u>, 518 U.S. 81, 113 (1996).

To determine a sentence sufficient, but not greater than necessary, the Court must consider "(1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed[;] . . . (3) the kinds of sentence available;" (4) the guidelines and policy statements issued by the Sentencing Commission, including the (now non-mandatory) guideline range;" (5) "any pertinent policy statement[;] . . . (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense." 18 U.S.C. §3553(a)(1)-(a)(7).

**Application of 18 U.S.C. §3553(a) Factors**

1. <u>Sentencing Guidelines</u>

McGhee's Presentence Investigation Report ("PIR") calls for a base level offense of 26 based on McGhee's agreement signed with the United States that he was responsible for at least 200 grams but less than 350 grams of methamphetamine (PIR 10). McGhee received a 2-point enhancement for possessing a firearm, which he stipulated to in his agreement with the United States (PIR 11). Notably, the firearm was under his bed in his bedroom when police arrested him in his living room, and at the time he had no drugs in is possession (a female at his home at the time did have heroin, a drug not charged in this indictment, in her purse in the living room) (PIR 7). McGhee "has clearly demonstrated acceptance of responsibility for the offense" (PIR 11). Accordingly, McGhee received a 2-level reduction for acceptance of responsibility and a 1-level reduction for assistance to authorities by way of acceptance of responsibility (<u>Id</u>.). Thus, McGhee's total offense level is 25 (<u>Id</u>.). McGhee has a criminal history score of two, which barely puts him in criminal history category of II (PIR 13). Therefore, the PIR establishes an advisory guideline range of 63-78 months' incarceration (PIR 18). The circumstances involved here, though, support a sentence lower than the guideline range, and McGhee is anticipating a motion for substantial assistance.

2. <u>Nature of Offense</u>

McGhee started to use meth in June 2014. McGhee, though, did not start to resell methamphetamine until January 2015 (PIR 7).[1] McGhee then purchased approximately 1/8

---

[1] As McGhee explained, he was working nights at 7-11 as an assistant manager while attending college during the day. McGhee started to use methamphetamine as a source of energy, which led to an addiction. This in turn, not surprisingly, led to the loss of his job, which led to McGhee selling drugs to support his habit (PIR 16). 7-11 verified that McGhee was a hard, dependable worker who showed initiative until this time (PIR 17).

3

ounce twice per week for 6 months to use and resell user level quantities in Southeast Roanoke (PIR 7, 9).[2] As probation has calculated, this amounts to roughly 185 grams of methamphetamine total (PIR 8). Upon his arrest, McGhee immediately started to cooperate and admitted his wrongdoings (PIR 9).

3. <u>Need for Sentence Imposed and Offender Characteristics</u>

To determine a sentence sufficient, but not greater than necessary, the district court must consider

> A. The need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment;
> B. The need to afford adequate deterrence to criminal conduct;
> C. The need to protect the public from further crimes of the defendant; and
> D. The need to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. §3553(a)(2).

Clearly, the offense for which McGhee pled guilty is serious and requires just punishment to promote respect for the law. McGhee recognizes and appreciates the wrongdoing of his actions but does not believe a significant sentence is required to afford adequate deterrence or to protect the public from further crimes. As McGhee's conduct while on pretrial release demonstrates, the charges alone have already served this purpose. Further, McGhee is a father of two children (PIR 14) and is expecting his third child with his wife currently (PIR 14). Upon release, he is looking forward to resuming the care of his children and working to support them.

With respect to educational needs, McGhee most recently attended Virginia Western Community College. He also knows how to prepare taxes (his family owns a tax preparation service that he has been working at while on pretrial release) and has ample knowledge in the

---

[2] McGhee purchased methamphetamine from Joshua Sutphin; he does not know the other defendants.

4

programming of computers (PIR 16). In fact, McGhee has also been working on software applications for various companies since his release and has proved to be a major asset to these companies.

With respect to drug treatment, McGhee attended intensive out-patient drug treatment from October 2015-January 2016. He successfully completed that program and transitioned into the continuing care program. McGhee has since completed that program, as well. McGhee also attends Lighthouse Full Gospel Church and Alcoholic Anonymous to help maintain his sobriety (PIR 16). McGhee request that if incarceration he is assigned to a facility with drug treatment programs available and requests that the Court order that he receive such treatment.

With respect to mental health treatment, McGhee received mental health treatment in 2010 and was diagnosed with Bi-Polar Type II disorder (PIR 15). He is amenable to further treatment.

4. Kinds of Sentence Available

Reference is made to pages 18-20 of the PIR for available sentencing alternatives. If incarceration is order McGhee requests that he be assigned to FCI Butner or FCI Beckley.

5. Pertinent Policy Statements

As former U.S. Attorney General Eric Holder proclaimed, "[t]oo many Americans go to too many prisons for far too long, and for no truly good law enforcement reason" (Exhibit 1). Accordingly, in August 2013, Holder issued a directive calling for shorter sentences and the elimination of federal prosecutors filing "charges that trigger 'draconian' mandatory prison terms when the defendant is a nonviolent, low-level drug offender with no significant criminal history or ties to large-scale gangs or cartels" (Id.).

5

6. <u>Need to Avoid Unwarranted Sentence Disparities Among Defendants</u>

Probation has estimated that McGhee is responsible for 186 grams, the lowest drug weight of all the defendants. Raul Fabian Fernandez, who McGhee does not know, has been held responsible for at least 500 grams but not less than 1,500 grams of methamphetamine — a much larger quantity than McGhee — and only received 36 months. Mauricio Erik Cortes-Marquez, who again McGhee does not know, has been held responsible for at least 5 kilograms but not less than 15 grams of methamphetamine — 25 times the amount McGhee is responsible for — and received 87 months. Joshua Benjamin Sutphin, the only defendant McGhee knows, has been held responsible for at least 1.5 kilograms but less than 5 kilograms — again much more than McGhee. Sutphin will be sentenced on July 15, 2016 [ECF 211]. Finally, Jose Manuel Morales-Hernandez, who McGhee does not know, is scheduled for a jury trial (PIR 6).

7. <u>Need to Provide Restitution</u>

Restitution is not applicable in this case (PIR at 19).

**Exhibits and Witnesses**

McGhee identifies the following exhibits and witnesses to be presented and heard at his sentencing:

<u>Exhibits:</u>[3]

1. Letter from M2C Energy Solutions
2. Letter from H3B Data
3. Letter from Mike Gartland Concerning Intensive Outpatient Program and Continuing Care Program

---

[3] Attached as Exhibit 2.

6

4. Letter from Ellen Valentine Concerning Completion of Intensive Outpatient Program (undated)

5. Blue Ridge Behavioral Healthcare Intensive Outpatient Program Certificate of Completion

6. April 29, 2016 Letter from Ellen Valentine Concerning Completion of Intensive Outpatient Treatment Program

Witnesses:

1. Pastor Mike Schaffer
2. Eddie Tallmage
3. Martha Spradlin
4. Becky Dudley

Individuals Who Have Provided Letters:[4]

5. Captain Peter Mercy
6. Ellen Valentine

## Conclusion

Derek McGhee requests that this Court impose a sentence lower than his guidelines range, which is not greater than necessary to comply with the purposes of § 3553(a)(2), after making an "individual assessment" of the appropriate sentence upon application of the statutory factors.

---

[4] Attached as Exhibit 3.

Respectfully Submitted,

DEREK RYAN MCGHEE

By    */s/ Terry N. Grimes*

Terry N. Grimes, Esq. (VSB No. 24127)
TERRY N. GRIMES, ESQ., P.C.
Franklin Commons
320 Elm Avenue, SW
Roanoke, Virginia 24016
(540) 982-3711
(540) 345-6572 *Facsimile*
*tgrimes@terryngrimes.com*
      Counsel for Defendant

## CERTIFICATE OF SERVICE

     I hereby certify that on this 16th day of May, 2016, a true and accurate copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification to all counsel of record.

                             /s/ *Terry N. Grimes*
                             Terry N. Grimes

8

Case 7:15-cr-00048-MFU    Document 212    Filed 05/16/16    Page 8 of 8    Pageid#: 606